IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          NO. 3:19-CR-11

BRANDON LAWRENCE
TYRIN PARKER
TABARRIUS COFFEY
TIMOTHY JONES, JR.
LADARIUS CONNOR
DENISE JONES
GEORGE CLINTRAVEOUS MOORE
TARRELL JACKSON
PRECIOUS BERRY
AUTUMN LITTLE
LUCAS GARCIA
SON HAI NGUYEN
LADARIUS REDITT
ERIC ARMSTRONG

## ORDER SEVERING TARRELL JACKSON

On October 3, 2019, the government filed a motion "to sever defendants Tarrell Jackson and Son Hai Nguyen from the other defendants in the case who have made appearances in the case and to schedule trial and other proceedings of the matter for the defendants." Doc. #130 at 1. The motion represents that while the other twelve defendants in this case have made appearances, Jackson and Nguyen "have not been located nor arrested." *Id*. According to the government's motion, efforts to locate Jackson and Nguyen "are ongoing, but law enforcement officials do not believe that i[t] will occur in the next few weeks." *Id*. The government submits severance is warranted "[i]n order to the move the case along and avoid further delay to the twelve (12) defendants." *Id*. at 2. No response to the motion to sever was filed.[1] However, on November 21,

---

[1] The deadline to respond to the motion has passed. *See* L.U. Crim. R. 47(C)(1) ("Within eleven calendar days after a motion is filed, the opposing party shall either respond to the motion or notify the court of its intent not to respond.").

2019, Nguyen made an initial appearance. Doc. #139.

Generally, severance of co-defendants is "justified only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Daniel*, 933 F.3d 370, 380 (5th Cir. 2019). Courts have found severance warranted to protect a defendant's right to a speedy trial. *See United States v. Sharp*, No. 02-40062, 2002 WL 31863842, at *2 (D. Kan. Dec. 17, 2002).

Because Nguyen has since made an initial appearance, the Court finds no reason to sever him. However, in light of the uncertainty of apprehending Jackson, the Court concludes that failure to sever him carries a serious risk of compromising the remaining defendants' right to a speedy trial. Accordingly, the motion to sever [130] is **GRANTED in Part and DENIED in Part**. Jackson, and the charges against him, are **SEVERED** from this case. Trial of the remaining defendants will be set and a scheduling order entered.

**SO ORDERED**, this 22nd day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

The government's motion represents that seven of the defendants informed the government that they did not object to the severance requested. Doc. #130 at 2.