IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:19-CR-11-1

BRANDON LAWRENCE

### ORDER

On September 16, 2020, this Court sentenced Brandon Lawrence to 292 months imprisonment on Counts One and Three of the Indictment, to be served concurrently.[1] Doc. #391. On or about June 21, 2021, Lawrence filed a pro se "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. Section 2255" seeking "an out-of-time appeal" based on his claim that his appointed counsel, William Travis, "deprived him of effective assistance of counsel, because he failed to file a direct appeal, despite [Lawrence's] request to do so." Doc. #643 at 1–2. In response to the motion, the government submits that when a defendant such as Lawrence claims ineffective assistance of counsel for failure to file a notice of appeal and the defendant's attorney denies the claim, as Travis does here,[2] "the Court should schedule a hearing on the issue to resolve this factual dispute." Doc. #647 at 3. Because this Court agrees a hearing is required, a hearing on Lawrence's motion will be set for December 15, 2021.[3]

**SO ORDERED**, this 13th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Lawrence and thirteen others were charged in a 17-count indictment with various crimes related to a drug trafficking conspiracy. Doc. #1. Following Lawrence's guilty plea to Counts One and Three, the remaining counts naming him were dismissed. Doc. #391 at 1.

[2] *See* Doc. #647-1.

[3] When a § 2255 movant claims ineffective assistance of counsel, he waives his attorney-client privilege as to those matters relevant to such claims. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *accord United States v. Bolton*, 908 F.3d 75, 101 (5th Cir. 2018).