IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:19-CR-11-1

BRANDON LAWRENCE

**ORDER**

On September 16, 2020, this Court sentenced Brandon Lawrence to 292 months imprisonment on Counts One and Three of the Indictment, to be served concurrently.[1] Doc. #391. On or about June 21, 2021, Lawrence filed a pro se "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. Section 2255" seeking "an out-of-time appeal" based on his claim that his appointed counsel, William Travis, "deprived him of effective assistance of counsel, because he failed to file a direct appeal, despite [Lawrence's] request to do so." Doc. #643 at 1–2. The government's response to the motion submitted that when a defendant such as Lawrence claims ineffective assistance of counsel for failure to file a notice of appeal and the defendant's attorney denies the claim, as Travis does here,[2] "the Court should schedule a hearing on the issue to resolve this factual dispute." Doc. #647 at 3.

An evidentiary hearing on Lawrence's motion was held June 15, 2022.[3] Doc. #688. At the hearing, LaQuetta Watkins and Lawrence himself were called as Lawrence's witnesses and

---

[1] Lawrence and thirteen others were charged in a 17-count indictment with various crimes related to a drug trafficking conspiracy. Doc. #1. Count One specifically charged Lawrence with conspiracy to distribute and possess with intent to distribute methamphetamine in excess of 500 grams on or about August 1, 2016, through on or about August 31, 2018; and Count Three charged him with distributing methamphetamine in excess of 500 grams on or about November 30, 2016. *Id.* at 1–2. Following Lawrence's guilty plea to Counts One and Three, the remaining counts of the indictment naming him were dismissed. Doc. #391 at 1.

[2] *See* Doc. #647-1.

[3] The Court appointed T. Murry Whalen to represent Lawrence at the hearing. Doc. #675.

Travis was called as the government's only witness.[4] *See* Doc. #689. Contrary to the allegation in his § 2255 motion, Lawrence testified that he never asked Travis to file a direct appeal[5] on his behalf. Moreover, while Watkins testified she called Travis at Lawrence's request, she only asked Travis for court documents on Lawrence's behalf, not to file an appeal. Considering this testimony in the context of Travis' testimony that Lawrence never asked him to file a direct appeal, there is no evidence to support Lawrence's claim that he asked Travis to file a direct appeal or that Travis refused to do so. Accordingly, Lawrence's "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. Section 2255" [643] is **DENIED**.

Rule 11(a) of the Rules Governing Section 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). For the reasons above, the Court concludes this standard has not been met here. Accordingly, a certificate of appealability is denied.

**SO ORDERED**, this 11th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] When a § 2255 movant claims ineffective assistance of counsel, he waives his attorney-client privilege as to those matters relevant to such claims. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *accord United States v. Bolton*, 908 F.3d 75, 101 (5th Cir. 2018).

[5] Lawrence testified that he had no conversations with Travis after his sentencing. And though Lawrence claimed at the evidentiary hearing he found out about direct appeal approximately three days after his sentencing hearing, he admitted that at his sentencing hearing the Court advised him of his appeal right and that when asked whether he understood his appeal right he answered that he did and had no questions at all.